**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT DEBUSE )<br>    3778 Ellen Anne Court )<br>    St. James, NC 28461, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES )<br>DEPARTMENT OF THE NAVY )<br>    720 Kennon Street SE. Rm 233 )<br>    Washington Navy Yard, DC 20374 )<br>)<br>    Defendant. ) | COMPLAINT FOR INJUNCTIVE RELIEF<br><br>Case no: 1:20-cv-2928 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, for injunctive and other appropriate relief seeking the expedited processing and release of records improperly withheld by the United States Navy (USN).

2. This case concerns Defendant's failure to conduct a reasonable search, failure to provide non-exempt responsive documents to CDR DeBuse's valid FOIA request, and failure to provide expedited processing. CDR DeBuse was nominated for promotion to Captain and in following with the Constitution, the nomination was forwarded to the President and Senate. The Senate Armed Services Committee requested additional records, including a series of documents that were removed from CDR DeBuse's records which painted a negative picture of CDR DeBuse and stalled the Senate's confirmation of CDR DeBuse not once but twice. CDR DeBuse requested

copies of the documents provided to the Senate in an effort to determine why he was once again denied the promotion he so rightfully earned. Rather than conducting a reasonable search, the Navy played a game of cat and mouse constantly deflecting responsibility among various organizations and ultimately closing the FOIA request without taking any action, neither producing nor denying records, thus improperly withholding agency records from CDR DeBuse.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 5 U.S.C. §552 (a)(4)(B) and 28 U.S.C. §1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 (e).

5. CDR DeBuse has exhausted all applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i)

## PARTIES

6. Plaintiff, Robert DeBuse, is a retired Navy Commander (CDR). CDR DeBuse properly submitted a FOIA request and request for expedited processing to Defendant.

7. Defendant, the Department of the Navy, is a federal agency within the meaning of 5 U.S.C. §552(f)(1), and has possession, custody, and control of records Plaintiff seeks.

## STATEMENT OF FACTS

**Background:**

8. CDR Robert DeBuse (ret) commissioned as an officer in the Navy in 1992.

9. CDR DeBuse was an upstanding and honorable Sailor who was ultimately promoted to CDR (O-5) in 2008 and selected for command, an honor bestowed to an elite few.

10. In 2010, CDR DeBuse became the subject of several egregious and erroneous IG investigations questioning DeBuse's integrity and honor as a Sailor. The IG investigations involved numerous Navy regulations as well as EO and Whistleblower Retaliation. The patently false IG investigations ultimately resulted in DeBuse's retirement.

11. In April 2013, CDR DeBuse was selected for promotion to Captain. On September 9, 2014, the Chief of Navy Operations (CNO) noted CDR DeBuse's desire to promote to Captain with the immense support of his chain of command. In light of the IG investigations, however, the CNO instead recommended CDR DeBuse be removed from the Promotion list as CDR DeBuse did not "meet the needs of the Navy consistent with the exemplary conduct requirements of section 5947 of title 10, U.S. Code." The Secretary of the Navy (SECNAV) removed CDR DeBuse's name from the selection list on 29 September 2014 "due to a report of adverse or alleged adverse information."

12. In 2015, CDR DeBuse's file was again placed before a board for promotion. He was not selected as a result of the patently false and damaging IG investigations. Because CDR DeBuse failed to promote to Captain a second time, he was forced to retire after serving in the Navy for 23 years.

13. In June 2016, a year after CDR DeBuse's retirement, then Navy Investigator General, Vice Admiral Shelanski, conducted a series of four re-investigations into the handling of the IG complaints against CDR DeBuse. After a thorough, year-long re-investigation, the previously substantiated allegations were overturned as being incorrect and improperly handled. All allegations were found to in fact be unsubstantiated due to "significant material errors and injustices."

14. In 2017, CDR DeBuse submitted a claim with the Board for Correction of Naval Records (BCNR), requesting his military records be corrected in light of the IG investigation findings, including his failure to promote to Captain as a result of the erroneous IG investigation.

15. On April 2, 2018, the BCNR issued a decision in CDR DeBuse's favor.  The BCNR noted that the erroneously substantiated allegations led to derogatory material being entered into Field Code 17 of CDR DeBuse's official military personnel file (OMPF).  This derogatory material resulted in CDR DeBuse's name being removed from the Promotion list in FY-14, and adversely affected his competitiveness which in turned caused his failure to promote the following year.

16. The BCNR determined that all derogatory information in Field 17 of CDR DeBuse's OMPF shall be removed.  BCNR also determined that CDR DeBuse was entitled to a Special Selection Board (SSB), and if selected was to be granted the same date of rank, effective day for the pay and allowances of the grade to which he promoted as he would have had his name not be removed.

17. On July 25, 2018, an SSB considered CDR DeBuse's record as it should have been considered, i.e. without the derogatory material that was removed from his OMPF, and CDR DeBuse was selected for promotion to Captain.  After being selected by the SSB, the nomination was forwarded to the President and Senate for confirmation.

18. The President of the United States approved CDR DeBuse's nomination to Captain and sent to the Senate for "advice and consent" on April 1, 2019.  The Senate referred the selection to the Senate Armed Services Committee.

19. On July 19, 2019 CDR DeBuse received a letter from the Commander of Navy Personnel Command  notifying him the Senate Armed Services Committee (SASC) – seeming to act

beyond the scope of providing "advice and consent" – had requested additional information in support of confirmation action for CDR DeBuse's promotion and that the following items would be forwarded:

    a. Board for Correction of Naval Records (BCNR) Information

    b. Official Military Personnel File Records

    c. Inspector General (IG) Report of Reinvestigation of Navy Hotline Complaints

    d. Assorted coordination emails between Navy IG and BCNR

    e. Correspondence with Navy IG, BCNR and Congress

    f. Letters of Recommendation

    g. Record of Article 138 Complaint

    h. Non-judicial Punishment Records

    i. Report of investigation on Alleged Travel Fraud

    j. Letter to the FYl6 Active Duty 06 Line Board

    k. DD214

20. The letter advised CDR DeBuse that he had the right to review the above items and submit a statement within 5 days. CDR DeBuse was never provided with the listed documents, despite several timely requests.

21. CDR DeBuse emailed contacts at the BCNR, Office of the Naval Inspector General (NAVIG), and Commander, Navy Personnel Command (COMNAVPERSCOM) to inquire as to the status of providing all the requested documents to SASC in August 2019. The attached email string shows that CDR DeBuse was referred to CDR Bauer at N1, who confirmed that N1 had the files and would be forwarding them to Office of Secretary Defense (OSD) for disclosure. *Att. A.*

22. The Navy submitted the requested documents to the SASC, despite the IG Complaints having been found unsubstantiated and the BCNR's directive that all history of the allegations be removed from CDR DeBuse's records.  The Navy also submitted a statement from CDR DeBuse, one written unjustly without the benefit of seeing what was being sent to SASC. And yet, the Senate failed to act, continuing to unjustly withhold a promotion duly earned by CDR DeBuse.

23. As a result, CDR DeBuse's nomination was returned to the President on January 3, 2020. The President again approved the nomination and transmitted it to the Senate, where it was again referred to the SASC on June 17, 2020. The Senate, again acting beyond "advice and consent" requested DeBuse return to Active Duty in order to promote, something the BCNR did not intend or order, and requested confirmation from the SECNAV as to how CDR DeBuse could return to active duty.  The SECNAV replied informing the Senate of a position for CDR DeBuse.  Despite their every extraneous request being met, the Senate has failed to act, leaving DeBuse to yet again pay the price for the IG's egregious misconduct.

**CDR DeBuse's FOIA request #2019-010941:**

24. CDR DeBuse filed a FOIA request with the Department of Navy on September 5, 2019 along with a request for Expedited Processing.  *Att. B*. CDR DeBuse sought further information on what documents were submitted to the Senate in an effort to know why the Senate failed to act on his confirmation, and to determine whether the expunged records were submitted erroneously to the Senate, thus continuing to shade a negative light on CDR DeBuse, his career, and cost him yet another promotion after the Navy went to great lengths to correct egregious misconduct.   Specifically, CDR DeBuse requested:

    a.  A copy of the SASC request for information

    b.   A copy of all information shared between the SASC, USN/DOD to coordinate answering SASC request for information, which should include electronic correspondence (emails, texts,) or actual documents, letters, or facsimiles.

    c.   A copy of the Navy and DoD provided data to SASC as of 9/5/2019 which should include electronic correspondence (emails, texts,) or actual documents, letters or facsimiles.

25. On September 7, 2019, CDR DeBuse received an email from the designated adjudication official for requests for Expedited processing, notifying him that his request for expedited processing was denied because it did not meet the criteria of at least one out of three specified statements. The email referred CDR DeBuse to the DoD Navy Component FOIA Public Liaison, Chris Julka (Julka). *Att. C*.

26. CDR DeBuse emailed Julka seeking immediate resolution of his expedited request. He indicated that the request was premised on the loss of due process and explained how his due process rights were violated by the failure to provide him the records as required for his response to SASC. *Att. C*.

27. On September 12, 2019 Julka informed CDR DeBuse that Navy FOIA program headquarters would not reconsider the denial of expedited processing but was taking action "to ensure imminent completion" of the FOIA request and CDR DeBuse would have a response within 2 weeks. *Att. C*. No response was received.

28. On October 9, 2019, CDR DeBuse received a letter dated September 30, 2019 from the Head of the Navy's FOIA/PA Program Office indicating that the information CDR DeBuse is seeking may be maintained by the BCNR, stating that his request had been forwarded to that office, and again directing him to Chris Julka. *Att. D*.

29. CDR DeBuse promptly contacted Julka, indicating that OPNAV N1 had recently redacted and sent over 1000 pages of the requested information to OSD. He indicated that BCNR was not the custodian and explained that he already discussed the issue with BCNR, NAVIG, CNPC, and N1. He demanded a more substantial answer to his request.

30. On October 28, 2019 CDR DeBuse's FOIA request DON-NAVY-2019-010941 was marked "closed" in his FOIA online account. He promptly notified Julka, who responded that the Navy was taking up the concern with BCNR and CDR DeBuse would be receiving a response shortly.

31. No action was taken, no denial was received, no claim of exemption was received, and no records were disclosed.

32. The Defendant has wrongfully withheld the requested records from CDR DeBuse. No exceptional circumstances exist, and the Navy has failed to exercise due diligence in responding to CDR DeBuse's request.

33. CDR DeBuse has constructively exhausted administrative remedies based on the Navy's failure to either comply with or provide a denial to CDR DeBuse's request within the time requirements of 5 U.S.C. §552(a)(6)(A)(i). 5 U.S.C. §552(a)(6)(C)(i).

34. CDR DeBuse has exhausted administrative remedies for his request for expedited processing based on the Navy's refusal to reconsider the denial of expedited processing.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION: Failure to Search and Disclose Records

35. CDR DeBuse repeats, realleges and incorporates, as fully set forth herein, the facts and allegations contained above.

36. CDR DeBuse's FOIA request reasonably described the records sought.

37. CDR DeBuse submitted his FOIA request in accordance with the Navy's FOIA Guidelines.

38. CDR DeBuse made a request for records either created or obtained by the Navy and in the Navy's control at the time of the FOIA request.

39. The Defendant violated 5 U.S.C. § 552(a)(3)(C) by failing to make reasonable efforts to search for records responsive to CDR DeBuse's FOIA request.

40. The Defendant violated 5 U.S.C. § 552(a)(3)(A) and (B) by failing to promptly provide records in any format in response to CDR DeBuse's FOIA request.

41. The Defendant violated 5 U.S.C. § 552(a)(6)(A)(i) by failing to promptly produce records in response to CDR DeBuse's FOIA request

42. CDR DeBuse has a legal right to obtain such records, and no legal basis exists for the Defendant's failure to disclose them.

**SECOND CAUSE OF ACTION: Failure to Provide Expedited Processing**

43. CDR DeBuse repeats, realleges, and incorporates, as fully set forth herein, the facts and allegations contained above.

44. In accordance with 5 USC 552(a)(6)(E)(i), the Department of the Navy Freedom of Information Act Program provides for expedited processing when there is an imminent loss of substantial due process rights at issue.  32 C.F.R. § 701.8(f)(5)(v).

45. CDR DeBuse properly claimed a loss of substantial due process rights at the time of his request, resulting from his inability to review the records prior to formulating his response to the disclosure requested by the SASC as well as ensuring his records had been properly expunged before being submitted to the SASC in order to avoid undue prejudice.

46. Defendant violated 5 U.S.C. § 552(a)(6)(E) and its regulations promulgated thereunder by failing to process CDR DeBuse's request for records as soon as practicable in response to his initial request and his appeal of the denial of expedited processing.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.   Order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

B.   Order Defendant to produce immediately, any and all non-exempt records to Plaintiff's FOIA request;

C.   Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

D.   Provide for expeditious proceedings in this action;

E.   Order Defendant to grant CDR DeBuse a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

F.   Grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

G.   Grant Plaintiff all other relief as the Court deems just and proper.

Dated: October 13, 2020                     Respectfully Submitted,

*Elizabeth Candelario*
Elizabeth M. Candelario, Esq.
D.C. Bar No. 986218
PARLATORE LAW GROUP
1300 Pennsylvania Ave N.W., Suite 700

Washington, D.C. 20004
202-788-6274

Megan Frank
D.C. Bar No. TX0181
PARLATORE LAW GROUP
2626 Cole Ave., Suite 300
Dallas, TX 7520
214-572-8005